# Foster's Administrator *vs* Williams &c.

DEBT.

### ERROR TO THE CHRISTIAN CIRCUIT.

*Jurisdiction. Lost bonds.*

Case 52.

CHIEF JUSTICE EWING delivered the opinion of the Court.

'Oct. 17.

BARNETT, as administrator of Foster, declared against Williams and McCutcheon in debt, on a note under seal, executed by the defendants to his intestate, and which, by accident, had been defaced and several material parts of it entirely obliterated, but the names and seals of the obligors, and name of the obligee, and sum to be paid, and year and month of its execution, were left entire; but the promise to pay, time of payment, and the *day* of its execution was obliterated, so that they were wholly illegible. The declaration states the parts obliterated, and assigns that as the reason for not making profert of the bond in its entire state, and avers that it was executed on some day in February, 1841, and that the defendants bound themselves to pay to his intestate one hundred and six dollars, on or before the 25th day of December, 1842, and concludes with an assignment of the usual breaches of non-payment.

The case stated.

The defendants craved oyer of the bond, and had it in its defaced condition and demurred, the demurrer sustained and judgment rendered for the defendants, and the case brought to this Court by the plaintiff. We think the demurrer should not have been sustained.

Pleadings and judgment of the Circuit Court.

Courts of Equity assumed and exercised jurisdiction in the case of a *lost bond,* upon the grounds: First, That profert could not be made in the declaration of the instrument, which was formerly deemed a fatal defect, and consequent obstruction to the remedy at law. Secondly: That a Court of Law could not, as a part of its judgment, afford to the obligors that complete indemnity by exacting from the obligee a suitable bond of indemnity, which a Court of Equity might require; And thirdly: A Court of Law could not, in the exercise of its ordinary powers,

Courts of Equity assume jurisdiction. to decree the payment of lost bonds on the ground that profert cannot be made thereof in a suit at law, and a Court of Law could not decree that a bond of indemnity be given.

FOSTER'S AD'R.
*vs*
WILLIAMS, &c.

purge the conscience of the plaintiff, as to the fact of its loss: (1 *Story's Equity*, 97–8, &c. *and authorities referred to.*)

English Courts of Law now entertain jurisdiction of suits on lost bonds, but in Ky. a Court of Chancery alone is the appropriote tribunal to grant relief to the obligee.

Profert is not now, in the English practice, deemed so essential a requisite as formerly, and an excuse for not making it is allowed by an averment of its loss, destruction by fire, or other casualty: (2 *Chitty*, 439 ; 1 *Chitty*, 398.) And it is now the constant practice there to sustain suits at law upon either *lost* or defaced bonds. We have in this State, followed the old practice, and confined the remedy in cases of *lost* bonds to Courts of Equity exclusively. And it is, as we think, in such cases the most appropriate tribunal, as most competent to afford relief upon terms of entire security to the obligors, against the fraudulent assignment or concealment of the instrument, with a view to a double demand of the amount. We feel disposed, therefore, in the case of *lost* bonds, to adhere to the former practice, and to allow Courts of Equity alone to entertain jurisdiction in such cases.

—But where a bond is only defaced and the material parts remain, and profert be made, a Court of Law has jurisdiction.

But the danger of a double responsibility, and the consequent necessity of indemnity against it, does not exist in the case of a defaced bond, the material parts of which are produced and made profert of, as in the case of a *lost* bond. We do not perceive the necessity, therefore, of restraining the Courts of Common Law from exercising jurisdiction over the subject. They are as competent as Courts of Equity to hear proof and decide as to its contents, and are governed by the same rules of evidence and may afford as full relief, and without possible danger to the rights of the obligor. There exists no necessity, therefore, to drive the obligee into a Court of Equity for relief.

The judgment of the Circuit Court is, therefore, reversed, and cause remanded that the demurrer may be overruled and further proceedings had.

*Goodloe* for plaintiff: *Morehead & Reed* for defendants.